David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Tel: (818) 990-1299
Fax: (818) 501-7852

*ATTORNEYS FOR PLAINTIFF*
[Additional counsel appear on signature page]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| TONY MCKENNA, individually and on behalf of a class of similarly situated individuals, | ) Case No. |
| | ) |
| | ) **CLASS ACTION COMPLAINT** |
| | ) **FOR DAMAGES AND** |
| Plaintiff, | ) **INJUNCTIVE RELIEF** |
| | ) |
| v. | ) 1) Violation of 47 U.S.C. § 227 |
| | ) |
| | ) |
| WHISPERTEXT, LLC, a Delaware limited liability company, | ) DEMAND FOR JURY TRIAL |
| | ) |
| | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Tony McKenna ("Plaintiff") brings this class action complaint individually and on behalf of all others similarly situated, and, through his undersigned counsel, complains against Defendant WhisperText, LLC ("Whisper" or "Defendant") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by Defendant's conduct.  Plaintiff, for his class action

**Class Action Complaint for Damages**
**and Injunctive Relief**

1  complaint, alleges as follows upon personal knowledge as to himself and his own acts and

2  experiences, and, as to all other matters, upon information and belief, based on, among other

3  things, the investigation conducted by his attorneys.

4  **NATURE OF THE CASE**

5      1.    In a misguided effort to promote its mobile application or "app," Defendant

6  engages in an especially pernicious form of marketing: the unauthorized transmission of

7  advertising in the form of "text message" calls to the cellular telephones of consumers

8  throughout the nation.

9      2.    By effectuating these unauthorized text message calls (hereinafter, "wireless

10  spam"), Defendant has violated consumers' statutory rights and has caused consumers actual

11  harm, not only because consumers were subjected to the aggravation that necessarily

12  accompanies wireless spam, but also because consumers frequently have to pay their cell

13  phone service providers for the receipt of such wireless spam.

14      3.    In order to redress these injuries, Plaintiff, on behalf of himself and a

15  nationwide class of similarly situated individuals, brings suit under the Telephone Consumer

16  Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227") (the "TCPA"), which prohibits

17  unsolicited voice and text calls to cell phones.

18      4.    On behalf of the class, Plaintiff seeks an injunction requiring Defendant to

19  cease all wireless spam activities and an award of statutory and actual damages to the class

20  members, together with costs and reasonable attorneys' fees.

21  **PARTIES**

22      5.    Plaintiff is a resident of Massachusetts.

23      6.    Defendant WhisperText, LLC is a Delaware limited liability company with its

24  principal place of business in California.  A mobile social networking company, Defendant

25  does business throughout the United States, including in this District.

26

27

28

**Class Action Complaint for Damages
and Injunctive Relief**

2

**JURISDICTION & VENUE**

7.    The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227, *et seq.*

8.    This Court has personal jurisdiction over the Defendant because Defendant does and is registered to do business in California and nationwide, Defendant is domiciled in California, and certain of the acts giving rise to the claims alleged herein were committed in California.

9.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the text message calls at issue were transmitted from this District.

**INTRADISTRICT ASSIGNMENT**

10.    The conduct giving rise to the claim in this matter originated in the County of Santa Clara.  Under Local Rule 3-2(c), this civil action should be assigned to the San Jose Division of the Northern District of California.

**COMMON ALLEGATIONS OF FACT**

11.    In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12.    One of the newer types of such bulk marketing is delivered via text messages through short codes and long codes.  The terms "short code" and "long code" refer to a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13.    Such text messages are transmitted as calls directed to a wireless device through the use of the telephone number assigned to the device.  When such a text message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.  As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including text messages, may be received by the called party virtually anywhere worldwide.

**Class Action Complaint for Damages and Injunctive Relief**

14.     Unlike more conventional advertisements, wireless spam invades privacy and can actually cost its recipients money, because cell phone users like Plaintiff must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

15.     Over the course of an extended period beginning in at least 2013, Defendant and its agents directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendant's social networking services.

16.     For instance, on or about December 19, 2013, Plaintiff's cell phone rang, indicating that a text call was being received.

17.     The "from" field of such transmission was identified cryptically as "16502412157," which is a special purpose telephone number known as a long code operated by Defendant and its agents.  The body of such text message read:

"Someone you know has anonymously invited you to join Whisper, a mobile social
network for sharing secrets.  Check out the app here: http://bit.ly.HLVr79"

18.     Defendant and its agents' use of a long code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

19.     At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam from Defendant.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows: all persons in the United States and its Territories who were sent one or more unauthorized text messages from Defendant.

21.     Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

**Class Action Complaint for Damages
and Injunctive Relief**

4

1    22.    Plaintiff will fairly and adequately represent and protect the interests of the

2    other members of the Class.  Plaintiff has retained counsel with substantial experience in

3    prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to

4    vigorously prosecuting this action on behalf of the members of the Class and have the

5    financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to

6    those of the other members of the Class.

7    23.    A class action is superior to other available methods for fairly and efficiently

8    adjudicating this controversy because, among other things, (a) joinder of all members of the

9    Class is impracticable; (b) absent a class action, most members of the Class would find the

10   cost of litigating their claims to be prohibitive, and would have no effective remedy; and (3)

11   the class treatment of common questions of law and fact conserves the resources of the courts

12   and the litigants, and promotes consistency and efficiency of adjudication.

13   24.    Defendant has acted and failed to act on grounds generally applicable to the

14   Plaintiff and the other members of the Class in transmitting the wireless spam at issue,

15   requiring the Court's imposition of uniform relief to ensure compatible standards of conduct

16   toward the members of the Class.

17   25.    The factual and legal bases of Defendant's liability to Plaintiff and to the other

18   members of the Class are the same, resulting in injury to the Plaintiff and to all of the other

19   members of the Class as a result of the transmission of the wireless spam alleged herein.

20   Plaintiff and the other Class members have all suffered harm and damages as a result of

21   Defendant's unlawful and wrongful conduct alleged herein.

22   26.    There are many questions of law and fact common to the claims of Plaintiff

23   and the other members of the Class, and those questions predominate over any questions that

24   may affect individual members of the Class.  Common questions for the Class include but are

25   not limited to the following:

26

27           (a)    Did Defendant and/or its agents send one or more text messages to the
                    Class?

28

**Class Action Complaint for Damages**          5
**and Injunctive Relief**

(b)     Did the text messages distributed by Defendant violate the TCPA?

(c)     Did Defendant and/or its agents use an automatic telephone dialing system to transmit the test messages at issue?

(d)     Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

(e)     Should Defendant be enjoined from engaging in such conduct?

**FIRST CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class)**

27.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28.     Defendant made unsolicited commercial text calls, including the message in Paragraph 17, to the wireless telephone numbers of Plaintiff and the other members of the Class.  Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

29.     These text calls were made *en masse* through the use of a long code and without the prior express consent of the Plaintiff or the other members of the Class.

30.     Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the Class have had their privacy rights violated, have suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

31.     Because Defendant had actual or constructive knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of actual and statutory damages;

**Class Action Complaint for Damages**      6
**and Injunctive Relief**

3.      An injunction requiring Defendant to cease all wireless spam activities;

4.      An award of reasonable attorneys' fees and costs; and

5.      Such further and other relief the Court deems reasonable and just.

Dated:  January 28, 2014

Respectfully submitted,

TONY MCKENNA, individually and on behalf of a class of similarly situated individuals

By: s/Suzanne Havens Beckman
One of His Attorneys

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Tel: (818) 990-1299
Fax: (818) 501-7852

Evan M. Meyers (*pro hac vice to be submitted*)
emeyers@mcgpc.com
MCGUIRE LAW, P.C.
161 N. Clark Street, 47th Floor
Chicago, IL 60601
Tel:  (312) 216-5179
Fax: (312) 275-7895

David Pastor (*pro hac vice to be submitted*)
dpastor@pastorlawoffice.com
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3d Floor
Boston, MA 02110
Tel:  (617) 742-9700
Fax:  617-742-9701

**Class Action Complaint for Damages and Injunctive Relief**

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Preston W. Leonard (*pro hac vice to be submitted*)
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, LLP
139 Charles St., Suite A121
Boston, MA 02114
Tel: (617) 329-1295

*Attorneys for Plaintiff Tony McKenna and the Putative Class*

**Class Action Complaint for Damages and Injunctive Relief**

8

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.


Dated:  January 28, 2014                              Respectfully submitted,

                                                      TONY MCKENNA, individually and on
                                                      behalf of a class of similarly situated
                                                      individuals


                                                      By: s/Suzanne Havens Beckman
                                                             One of His Attorneys

                                                      David C. Parisi (SBN 162248)
                                                      dcparisi@parisihavens.com
                                                      Suzanne Havens Beckman (SBN 188814)
                                                      shavens@parisihavens.com
                                                      PARISI & HAVENS LLP
                                                      15233 Valleyheart Drive
                                                      Sherman Oaks, CA 91403
                                                      Tel: (818) 990-1299
                                                      Fax: (818) 501-7852

                                                      Evan M. Meyers (*pro hac vice to be
                                                      submitted*)
                                                      emeyers@mcgpc.com
                                                      MCGUIRE LAW, P.C.
                                                      161 N. Clark Street, 47th Floor
                                                      Chicago, IL 60601
                                                      Tel:  (312) 216-5179
                                                      Fax: (312) 275-7895

                                                      David Pastor (*pro hac vice to be submitted*)
                                                      dpastor@pastorlawoffice.com
                                                      PASTOR LAW OFFICE, LLP
                                                      63 Atlantic Avenue, 3d Floor
                                                      Boston, MA 02110
                                                      Tel:  (617) 742-9700
                                                      Fax:  617-742-9701

**Class Action Complaint for Damages**                        9
**and Injunctive Relief**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Preston W. Leonard (*pro hac vice to be submitted*)
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, LLP
139 Charles St., Suite A121
Boston, MA 02114
Tel: (617) 329-1295

*Attorneys for Plaintiff Tony McKenna and the Putative Class*

**Class Action Complaint for Damages and Injunctive Relief**

10