UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TONY MCKENNA, | Case No. 5:14-cv-00424-PSG |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STAY** |
| v. | |
| WHISPERTEXT et al., | **(Re: Docket No. 25)** |
| Defendants. | |

Plaintiff Tony McKenna filed a class action complaint pursuant to the federal Telephone Consumer Protection Act, 47 U.S.C. 227(b)(1)(A)(iii) (TCPA). McKenna brought suit against Defendants WhisperText, LLC and WhisperText, Inc. (collectively, "WhisperText") for making unsolicited "text message calls."[1] In a motion to dismiss, WhisperText argues McKenna fails to sufficiently allege WhisperText made any call using an "automatic telephone dialing system," a required element of McKenna's claim.[2] WhisperText alternatively argues this lawsuit should be

---
[1] *See* Docket No. 8 at 1-2.

[2] *See* Docket No. 25.

1
Case No. 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STAY

stayed to permit the Federal Communications Commission to consider and rule on several pending petitions for declaratory rulings seeking clarification of the TCPA's contemporary definition of an ATDS.[3]  McKenna opposes.[4]  In a hearing on September 9, 2014, the court denied WhisperText's motion to stay and granted WhisperText's motion to dismiss with leave to amend within 14 days of this written order.[5]  This opinion memorializes the September 9 order.

## I. BACKGROUND[6]

Around December 19, 2013, McKenna's cell phone rang.  He had received a "text call" from "16502412157," a special purpose "long code" telephone number operated by WhisperText and its agents.  The message read: "Someone you know has anonymously invited you to join Whisper, a mobile social network for sharing secrets.  Check out the app here: http://bit.ly.HLVr79."  McKenna was irritated to receive what he considered to be spam, and his cell phone bill may have increased as a result of receiving the message.  The Whisper App enables users to anonymously share secrets, as well as to send text messages to contacts inviting them to join Whisper.[7]  WhisperText asserts that, for a time, WhisperText allowed Android Whisper App users to send these invitations to contacts anonymously using a telephone number registered to WhisperText, such as the message McKenna received.[8]

---

[3] *See* Docket No. 25.

[4] *See* Docket No. 33.

[5] *See* Docket No. 44.

[6] Unless otherwise indicated, all background facts come from McKenna's amended complaint.  *See* Docket No. 8.

[7] *See* Docket No. 25 at 1-2.

[8] *See id.* at 2.

2
Case No. 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STAY

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[9] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[10] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[12]  "A formulaic recitation of the elements of a cause of action will not do."[13]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[14]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[15]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[16]

---

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[12] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[13] *Twombly*, 550 U.S. at 555.

[14] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[15] *See id.* at 1061.

[16] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[17]

The TCPA provides that a person may not make a call to a cellular phone using an ATDS or an artificial prerecorded voice message without the recipient's prior express consent.[18] An ATDS is "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[19] The TCPA does not require use of the system's capacity to actually send the unlawful text messages, but merely the sending of messages from equipment with such a capacity.[20] At the same time, the claim that a defendant used an ATDS must be more than just conclusory.[21] The use of long code to

---

[17] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[18] *See* 47 U.S.C. § 227(b)(1)(A)(iii).

[19] 47 U.S.C. § 227(a)(1).

[20] *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950-51 (9th Cir. 2009) ("a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it . . . When evaluating the issue of whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone number to be called, using a random or sequential number generator'") (citation omitted).

[21] *See, e.g.*, *Freidman v. Massage Envy Franchising, LLC*, Case No. 3:12–cv–02962–L–RBB, 2013 WL 3026641, *2 (S.D. Cal. June 13, 2013) (dismissing TCPA claim where two plaintiffs alleged only that they received similar impersonal text messages from the defendant: "[t]he text messages are generic and impersonal, as Plaintiffs assert, but that is not enough to make the claims plausible." A mere "formulaic recitation" of the elements of a cause of action was not enough); *Ibey v. Taco Bell Corp.*, Case No. 12-cv-583-H-WVG, 2012 WL 2401972, *1, 3 (S.D. Cal. June 18, 2012) (plaintiff opted in and then out of receiving text messages; allegation that message was sent using ATDS was insufficient where message "did not appear to be random"); *Daniels v. ComUnity Lending, Inc.*, Case No. 13-cv-488-WQH-JMA, 2014 WL 51275, *5 (S.D. Cal. Jan. 6, 2014) (finding the complaint contained nothing more than a "formulaic recitation" of the elements of a TCPA claim, and the texts could have been "done by hand"); *Knutson v. Reply!, Inc.*, Case No. 10- CF-1267-BEN-WMc, 2011 WL 291076, *2 (S.D. Cal. Jan. 27, 2011) (dismissing TCPA claim where complaint contained conclusory allegation that defendant used an auto-dialer, but included no facts that would permit an inference that the message was sent using equipment with capacity to store or produce numbers using a random or sequential number generator).

transmit generic messages en masse has been found sufficient to allege the use of an ATDS under the federal pleading requirements.[22] Further, messages need not be sent to completely random numbers; an automated system delivering text messages to an uploaded list of hundreds or thousands of predetermined numbers also has been considered an ATDS.[23]

While Congress has given the FCC broad authority to implement and interpret the TCPA,[24] the doctrine of primary jurisdiction gives the court discretion on whether continue or stay a proceeding pending the resolution "of an issue within the special competence of an administrative agency."[25] "Courts may, under appropriate circumstances, determine that the initial decision-making responsibility should be performed by the relevant agency rather than the courts.'"[26]

---

[22] *See, e.g., Kramer v. Autobytel*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) (alleging in the second amended complaint that the Autobytel automotive referral service engaged B2Mobile to conduct a text message marketing campaign; B2Mobile "acquires lists of consumer cell phone numbers from various third parties" and then "sends massive amounts of spam text message advertisements" to those numbers; and plaintiff received ten unrelated, unsolicited, generic messages from a short code); *Kazemi v. Payless Shoesource Inc.*, Case No. 3:09-cv-5142-MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010) (dealing with a complaint that included factual allegations that plaintiffs received multiple unsolicited text messages); *Abbas v. Selling Source, LLC*, Case No. 09-cv-3413, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009) (same).

[23] *See, e.g., In re Rules & Regulations Implementing the TCPA*, CG Docket No. 02-278, 18 FCC Rcd. 14014, 14091-92 (FCC 2003); *see also Sterk v. Path, Inc.*, Case No. 13-cv-2330, at 9-11 (May 30, 2014 Order) (N.D. Ill.).

[24] *See* Docket No. 25 at 5; Docket No. 34 at 7; 47 U.S.C. § 227(b)(2) ("The Commission shall prescribe regulations to implement the requirements of this subsection"); *Satterfield*, 569 F.3d at 953 ("Congress has delegated the FCC with the authority to make rules and regulations to implement the TCPA").

[25] *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114-15 (9th Cir. 2008) (considering four factors: "(1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration.") (citing *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002).

[26] *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1086 (9th Cir. 2006) (citing *Syntek Semiconductor Co.*, 307 F.3d at 780).

5
Case No. 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STAY

However the doctrine "does not require that all claims within an agency's purview be decided by the agency."[27] Rather, the doctrine applies in limited circumstances when an issue in federal court "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency."[28] In assessing whether the doctrine of primary jurisdiction applies, courts generally consider whether (1) the issue is within the "'conventional experience of judges,' or 'involves technical or policy considerations within the agency's particular field of expertise,' (2) the issue 'is particularly within the agency's discretion,' and (3) 'there exists a substantial danger of inconsistent rulings.'"[29] The court additionally must "balance the parties' needs to resolve the action expeditiously against the benefits of obtaining the federal agency's expertise on the issues."[30]

### III.  DISCUSSION

**A.   McKenna Fails to State a Claim that WhisperText Used an ATDS**

McKenna claims the facts in this case are not seriously in dispute, and that the details of the technology WhisperText used to send the text message at issue remain to be determined by discovery.[31] But McKenna's amended complaint cites little more than the following basic facts:

---

[27] *Brown v. MCI WorldCom Network Services, Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002).

[28] *Id.*; *see also Pimental v. Google, Inc.*, Case No. 4:11-cv-02585, 2012 WL 1458179, at * 2 (N.D. Cal. Apr. 26, 2012).

[29] *Id.* (quoting *Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1048-49 (9th Cir. 2011)).

[30] *Id.* (citing *Nat'l Comm'ns Ass'n, Inc. v. AT&T Co.*, 46 F.3d 220, 223 (2d Cir. 1995) (cited in *Maronyan*, 658 F.3d at 1049)).

[31] *See* Docket No. 33 at 2; *but see Johansen v. Vivant, Inc.*, Case No. 12-cv-7159, 2012 WL 6590551, *3 (N.D. Ill. Dec. 18, 2012) (dismissing TCPA claim for failure to sufficiently allege use of ATDS; stating that while courts should not "burden plaintiffs unduly by requiring pleading of technical details impossible to uncover without discovery," plaintiffs must allege "facts easily

(1) his receipt of a message from a long-code number operated by WhisperText, and (2) the contents of the message.[32] This long-code number could just be a telephone number, and the generic message alone certainly does not satisfy McKenna's pleading burden.[33] McKenna's claims that WhisperText engaged in "mass transmission of wireless spam" that "were necessarily sent by a machine that had the capacity to store the numbers of the group members and the capacity to dial those numbers automatically"[34] are therefore insufficiently conclusory. McKenna suggests that "[i]n the event that the Court finds that Plaintiff's claims are in any way insufficient under Fed. R. Civ. P. 8, Plaintiff respectfully requests leave to amend to add further detail or otherwise take such steps required to cure any defects found by this Court. Courts should 'freely give leave [to amend] when justice so requires.'"[35] The court agrees with McKenna and so gives McKenna leave to amend within 14 days.

**B.      There is Insufficient Reason to Stay Under the Doctrine of Primary Jurisdiction**

WhisperText separately seeks to stay this case until the FCC considers two issues before it: "(1) whether the equipment used to send a message must have a current capacity to store or produce randomly or sequentially generated numbers, without further modification, to qualify as an ATDS under the TCPA; and (2) whether the provider of a software application 'makes' a call

---

available to them on the basis of personal knowledge or discovery" to support general ATDS allegations).

[32] *See* Docket No. 8 at ¶ 18; Docket No. 34 at 2-3.

[33] *See Ibey*, 2012 WL 2401972 at *3; *Daniels*, 2014 WL 51275 at *5; *Freidman*, 2013 WL 30266141 at *2.

[34] Docket No. 33 at 5-6; *see also* Docket No. 8 at ¶¶ 16, 19, 27, 29.

[35] *See* Docket No. 33 at 9, n.3 (citing Fed. R. Civ. P. 15(a)(2)); *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995) (plaintiff should be given leave to amend unless it is clear the complaint cannot be cured by different or more detailed allegations); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004).

7
Case No. 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STAY

for purposes of the TCPA when a user sends a text message invitation that is processed through or facilitated by the software application."[36] WhisperText refers to four petitions submitted to the FCC seeking clarification on the use of an ATDS and "sender" in the context of group texting.[37]

The problem with the pending submissions is that it is entirely unclear whether the FCC will issue a ruling pertinent to this case, since it is not obliged to resolve those four issues[38] and it is not "actively considering" the precise issue here.[39] Despite opportunities to do so, the FCC has not previously ruled on the issues posed by those cases, so there is little indication they will do so anytime soon.[40] When the FCC has ruled on group texting applications in the recent past, it has

---

[36] *See* Docket No. 25 at 5-8, 11-16; Docket No. 34 at 1.

[37] *See* Docket No. 25 at 3, 5-8, 11-16; Public Notice, Consumer and Governmental Affairs Bureau Seeks Comment on Petition for Expedited Declaratory Ruling from YouMail, Inc., CG Docket No. 02-278 (Aug. 9, 2013 ; *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket. No. 02-278 (Apr. 19, 2013); Public Notice, Consumer and Governmental Affairs Bureau Seeks Comment on Petition for Expedited Declaratory Ruling and/or Expedited Rulemaking from the Professional Association for Customer Engagement, CG Docket No. 02-278 (Nov. 19, 2013); *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278 (Oct. 18, 2013); Public Notice, Consumer and Governmental Affairs Bureau Seeks Comment on Petition for Expedited Declaratory Ruling filed by Glide Talk, Ltd., CG Docket No. 02-278 (Dec. 2, 2013); *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02- 278 (Oct. 28, 2013); Public Notice, Consumer and Governmental Affairs Bureau Seeks Comment on Petition for Expedited Declaratory Ruling Filed by TextMe, Inc., CG Docket No. 02-278 (Apr. 7, 2014); *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278 (Mar. 18, 2014).

[38] *See* Docket No. 25 at 8; Docket No. 33 at 19.  Commissioner O'Rielly's blog and GroupMe Ruling lamentations that the TCPA rules are not clear and TCPA lawsuits have increased in the past year indicate no clear sentiments of other members of the FCC.

[39] *See, e.g., Clark*, 523 F.3d at 1110 (regarding an issue of first impression).

[40] *See* Docket No. 34 at 8 ("issues posed by the YouMail, TextMe, PACE, and Glide Talk petitions—(1) whether equipment qualifies as an ATDS under the TCPA only if it could store or produce randomly or sequentially generated numbers at the time of the call at issue, without further modification, *i.e.*, whether the TCPA's reference to "capacity" in the definition of an ATDS refers to the equipment's current capacity; and (2) whether a software application provider "makes" a call for purposes of the TCPA when a user sends a text message invitation to a friend or contact through the application").

8
Case No. 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STAY

not changed its definition of an ATDS.[41] Therefore, though the FCC has comprehensive regulatory authority over the TCPA,[42] and while uniform administration of the TCPA would be desirable,[43] a stay here is not warranted.

## IV.  CONCLUSION

WhisperText's motion to stay is DENIED and motion to dismiss is GRANTED.  Because the court is not yet persuaded that no amendment could save the claims dismissed, the court grants McKenna leave to amend.  Any amended complaint shall be filed no later than October 14, 2014.

**IT IS SO ORDERED.**

Dated: September 29, 2014

                                                                                    _____
                                                                                    PAUL S. GREWAL
                                                                                    United States Magistrate Judge

---

[41] *In re GroupMe, Inc./Skype Communications S.A.R.L. Petition for Expedited Declaratory Ruling*, CG Docket No. 02-278, FCC 14-33 (March 27, 2014) (considering whether a service provider can rely on "intermediary consent" under the TCPA: "[o]ur finding that GroupMe may rely on consent provided through an intermediary as described herein applies when it does use an autodialer.  If, on the other hand, it does not use an autodialer to send the text message at issue, the TCPA's protections, including the requirement to obtain consumers' prior express consent, are not triggered." *Id*. at 1, n. 2); *but see* Report and Order, *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14092 (2003) ("It is clear from the statutory language and the legislative history that Congress anticipated that the FCC, under its TCPA rulemaking authority, might need to consider changes in technologies").

[42] *See* Docket No. 25 at 13; Report and Order, *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14064 (2003); *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 466-67 (6th Cir. 2010).

[43] *See* Docket No. 25 at 14-15.