UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TONY MCKENNA, | ) Case No.: 5:14-cv-00424-PSG |
| Plaintiff, | ) **ORDER GRANTING MOTION TO** |
| v. | ) **DISMISS** |
| WHISPERTEXT et al., | ) **(Re: Docket No. 52)** |
| Defendants. | ) |

A little over a year ago, Plaintiff Tony McKenna got a text he did not expect from "16502412157."[1] The text was an invitation to download the Whisper app from Defendants WhisperText, LLC and WhisperText, Inc. (collectively, "WhisperText"). Irritated to have received what he considered little more than spam for which he might be charged by his cellular service provider, McKenna filed this suit.[2] McKenna alleges that WhisperText violated his rights under the Telephone Consumer Protection Act, and he seeks to represent a class of those similarly

---

[1] Unless otherwise cited, all facts come from McKenna's third amended complaint at Docket No. 50.

[2] *See* Docket No. 1.

1

Case No.: 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

irritated. McKenna failed to state a plausible claim in his first amended complaint; the court dismissed it with leave to amend further.[3] WhisperText again moves to dismiss.[4] Once again, McKenna has not sufficiently stated his claim, and so the court GRANTS the motion.

## I.

Enacted in 1991, well before mobile computing and text messaging took hold, the TCPA was a response by Congress to consumer complaints about unwanted phone calls and junk faxes. To that end, the TCPA makes it unlawful to "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."[5]

As relevant here, an automatic telephone dialing system ("ATDS") is defined as any "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[6] The Ninth Circuit has since found that text messages constitute calls under the TCPA,[7] and the alleged use of "long codes" to transmit generic messages en masse has been found sufficient to allege the use of an ATDS under the federal pleading requirements.[8] Further, messages need not be sent to completely

---

[3] *See* Docket No. 48.

[4] *See* Docket No. 52.

[5] 47 U.S.C. § 227(b)(1)(A)(iii).

[6] *Id.* at (a)(1).

[7] *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

[8] *See, e.g., Kramer v. Autobytel*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) (alleging that the Autobytel automotive referral service engaged B2Mobile to conduct a text message marketing campaign; B2Mobile "acquires lists of consumer cell phone numbers from various third parties" and then "sends massive amounts of spam text message advertisements" to those numbers; and plaintiff received ten unrelated, unsolicited, generic messages from a short code); *Kazemi v.*

2
Case No.: 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

random numbers; an automated system delivering text messages to an uploaded list of hundreds or thousands of predetermined numbers also has been considered an ATDS.[9]

Whenever a new user downloads the Whisper app from WhisperText, the message "Whisper will text your friends for you" appears on the screen automatically.[10] The new user then has the opportunity to invite all contacts.[11] Contacts are then uploaded to a database and routed through a third party that generates and sends automated text messages.[12] McKenna himself received an impersonal, unsolicited text message from a long code registered to WhisperText in December 2013.[13]

Shortly thereafter, McKenna filed this suit.[14] He alleges that the unsolicited and unauthorized commercial text calls he received were made by WhisperText in violation of his rights under 42 U.S.C § 227. Specifically, he alleges that WhisperText used equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers. He further alleges that these text calls were made *en masse* to all class members through the use of an automated system whereby the messages were sent without human intervention from a long code registered to

---

*Payless Shoesource Inc.*, Case No. 3:09-cv-5142-MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010) (complaint included factual allegations that plaintiffs received multiple unsolicited text messages); *Abbas v. Selling Source,LLC*, Case No. 09-cv-3413, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009) (same).

[9] *See, e.g., In re Rules & Regulations Implementing the TCPA*, CG Docket No. 02-278, 18 FCC Rcd. 14014, 14091-92 (FCC 2003); *see also Sterk v. Path, Inc.*, Case No. 13-cv-2330-SDY, at 9-11 (May 30, 2014 Order) (N.D. Ill.).

[10] *See* Docket No. 50 at ¶17.

[11] *See id.* at ¶18.

[12] *See id.* at ¶24.

[13] *See id.* at ¶¶20-21.

[14] *See* Docket No. 1.

3

Case No.: 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

WhisperText without any class member's prior express consent. Among his remedies, McKenna seeks class certification, actual and statutory damages, an injunction barring WhisperText from "all wireless spam activities," and reasonable fees and costs.

After McKenna amended his initial complaint, the court declined WhisperText's request to stay the case while the FCC considers what qualifies as an ATDS and what it means for a software provider to "make" a call. But the court agreed with WhisperText that the first amended complaint failed to allege plausible facts suggesting that the Whisper app uses an ATDS sufficient to trigger TCPA liability. The court then dismissed the first amended complaint but with leave to amend.[15] WhisperText now move to dismiss McKenna's third amended complaint with prejudice, arguing that further amendment would be futile.[16] McKenna opposes and alternatively requests leave to amend his complaint again.[17]

## II.

The court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[18]

## III.

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[19] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for

---

[15] See Docket No. 48.

[16] See Docket No. 52.

[17] See Docket No. 55.

[18] See Docket Nos. 9, 14.

[19] Fed. R. Civ. P. 8(a)(2).

4
Case No.: 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

failure to state a claim upon which relief may be granted.[20] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] Under Rule 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[22] Dismissal without leave to amend is appropriate if it is clear the complaint could not be saved by amendment.[23]

To state a TCPA claim, McKenna must sufficiently allege the use of an ATDS. Of the components of the statutory definition of an ATDS—"equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers"[24]—both parties agree the latter is satisfied. The Whisper app can dial and has dialed numbers. Where the parties disagree is whether McKenna has sufficiently pleaded that Whisper's equipment has the capacity to store or produce telephone numbers to be called using a random or sequential number generator. McKenna again fails to clear that hurdle.

McKenna leans hard on a 2003 FCC order that found a so-called "predictive dialer" can qualify as an ATDS because Section 227(a)(1) covers "any equipment" with the capacity to "generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists."[25] Even though McKenna concedes that he does not allege that WhisperText used such a predictive dialer, this

---

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[22] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[23] *See Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[24] 47 U.S.C. § 227(a)(1).

[25] *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rec'd 15391, 15399 n.5 (2012) (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rec'd 14014, 14091-92 (2003)).

district has held that the FCC order encompasses more than just the predicative dialer then before it. For example, Judge Chhabria held recently that the FCC's order should be read as "encompass[ing] any equipment that stores telephone numbers in a database and dials them without human intervention."[26] Similarly, Judge Alsup held that contemporary equipment which functions similarly to a predictive dialer is subject to the FCC's 2003 order even if it is not a predictive dialer per se.[27] This would appear to qualify McKenna's allegations that WhisperText uses equipment (i.e. software) that has the capacity to generate numbers randomly or sequentially even if they do not actually do so.

But even if the FCC's authority to adopt such an expansive view is not disputed,[28] the FCC order still does not get McKenna all the way home. The reason is that the language of the FCC that mandates storing and dialing "without human intervention." Unlike in *Nunes* and *Fields*, here McKenna's allegations make clear that the Whisper App can send SMS invitations only at the user's affirmative direction to recipients selected by the user.[29] McKenna's opposition similarly

---

[26] *Nunes v. Twitter, Inc.*, Case No. 14-cv-02843-CV, Docket No. 44 at 2 (N.D. Cal. Nov 26, 2014).

[27] *See Fields v. Mobile Messengers America, Inc.*, Case No. 12-C-05160-WHA, 2013 WL 6774076, at *3 (N.D. Cal. Dec. 23, 2013).

[28] To be clear, WhisperText very much disputes that the FCC is so authorized in light of the plain language of Section 227(a)(1), and a number of courts have so held. *See, e.g.*, *Marks v. Crunch San Diego, LLC*, Case No. 14–cv–00348–BAS, 2014 WL 5422976, at *2 (S.D. Cal. Oct. 23, 2014) ("The FCC does not have the statutory authority to change the TCPA's definition of an ATDS."); *Dominguez v. Yahoo!*, 8 F. Supp. 3d 637, 643 & n.6 (E.D. Pa. 2014). *See also Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 401-02 (2008) (declining to adopt interpretation of agency regulation that would potentially conflict with structure and purpose of underlying statute). *But see Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1222 (S.D. Fla. May 1, 2014); *Legg v. Voice Media Group, Inc.*, Case No. 13-cv-62044-CIV, 2014 WL 2004383, at *3 (S.D. Fla. May 16, 2014).

[29] *See* Docket No. 50 at 17-19. The complaint in *Nunes* contained specific factual allegations that Twitter's system both sends messages without human intervention and can randomly generate phone numbers. *See* Case No. 14-cv-02843-CV, Docket No. 44 at 2. Similarly, in *Fields*, the plaintiffs urged that "human agency was not involved" in sending the text messages at issue. *See* 2013 WL 6774076, at *3. McKenna's third amended complaint contains no comparable

6
Case No.: 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

concedes that the Whisper App sends SMS invitations only at the user's affirmative direction.[30] At least two other district courts in the Ninth Circuit have held that, under such circumstances, the action taken is with human intervention—disqualifying the equipment at issue as any kinds of ATDS.

*First*, consider *Gragg v. Orange Cab Co.*[31] *Gragg* involved a TCPA claim alleged based on the use of a computerized taxi dispatch system. In the system at issue in that case, once a driver presses "accept" to indicate that he or she will pick up the passenger who requested a taxi, the defendant's computer system "then composes the [SMS] notification and transmits the message to the customer's telephone."[32] The court held that the accused system was not an ATDS because the driver's input was necessary before the system could draft and send a message. "The system is able to dial and transmit the dispatch notification only after the driver has physically pressed 'accept': human intervention is essential."[33]

*Second*, consider *Marks v. Crunch San Diego, LLC*.[34] There the court held that an SMS platform was not an ATDS where the relevant human intervention was even a step further removed from the sending of the messages than it is in this case. In holding that the accused system was not an ATDS, the *Marks* court found it significant that telephone numbers could be uploaded to and included on the platform only through "human curation and intervention."[35]

---

allegations—as noted above, McKenna affirmatively alleges that human direction is required to send an SMS invitation using the Whisper App.

[30] *See* Docket No. 55 at 13-14 ("[I]t is true that WhisperText does not automatically send the text messages without first asking its customer if it wants the text message to be sent.").

[31] *See Gragg v. Orange Cab Co*, 995 F. Supp. 2d 1189, 1189 (W.D. Wash. 2014).

[32] *Id.* at 1191.

[33] *Id.* at 1194.

[34] *Marks*, 2014 WL 5422976 at *3.

[35] *Id.*

7
Case No.: 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

To be fair, both *Gragg* and *Marks* were decided on motions for summary judgment rather than at the pleading stage. But McKenna's affirmative allegations of the need for human intervention by a Whisper App user when the sending an SMS invitation preclude the need for discovery to address whether McKenna has alleged the use of an ATDS.[36]

McKenna finally urges that "a recipient" of an SMS invitation sent using the Whisper App who sends a text message to the telephone number from which she received the invitation will receive an "auto-reply" text message makes it plausible that the invitation was sent using an ATDS.[37] According to McKenna, this "autoreply" allegation plausibly "demonstrates . . . that the messages were not sent by any WhisperText customer, but rather were sent by autodialer equipment owned or operated by WhisperText."[38] But McKenna fails to show how his generic "auto-reply" allegation is relevant to whether McKenna himself can state a claim for relief. Nothing in the operative complaint alleges that: (1) McKenna himself responded to the invitation that he was sent and then received an auto-reply message; (2) that the alleged "auto-reply" would be received in response to a text message sent to the actual telephone number from which McKenna alleges he received an SMS invitation or (3) that the supposed "auto-reply" would have been received in December 2013, at the time when McKenna claims to have received the message at issue in this case. McKenna disputes that such contextual details are immaterial at the pleading

---

[36] *See, e.g.*, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim . . . .") (citation omitted); *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("[A] plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim.") (internal quotation marks omitted). *Marks*, 2014 WL 5422976 at *3. This distinguishes this case from *Johansen v. Vivant, Inc.*, Case No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012), and *De Los Santos v. Millward Brown, Inc.*, Case No. 13-906070-CV-MARRA, 2014 WL 2938605 (S.D. Fla. June 30, 2014), where the plaintiff's deficiencies reflected an inability to obtain information about how the call that he received was made. Here, McKenna specifically alleges that human intervention is a part of the process.

[37] *See* Docket No. 50 ¶ 22; Docket No. 55 at 20-21.

[38] Docket No. 55 at 20.

stage, but McKenna ignores the fact that the court considers only McKenna's own claim at this stage of the proceedings. Put another way, this putative class action cannot proceed unless McKenna himself has a viable individual claim for relief.

Although McKenna has already once had the opportunity to present viable claims, the Ninth Circuit requires that further leave to amend be given unless it is clear that the complaint's defects cannot be cured.[39]  Because the court is not yet persuaded that McKenna's defects are beyond cure, leave to amend is granted once more.  McKenna shall file any further amended complaint no later than February 13, 2015.

**SO ORDERED.**

Dated: January 30, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[39] *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

9
Case No.: 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS