RODGER COLE (CSB No. 178865)
rcole@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ANGEL CHIANG (CSB No. 280546)
achiang@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

BRADLEY T. MEISSNER (admitted *pro hac vice*)
bmeissner@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

Attorneys for Defendants WhisperText, LLC and WhisperText, Inc.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TONY MCKENNA, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

WHISPERTEXT, LLC, a Delaware limited liability company, and WHISPERTEXT, INC., a Delaware corporation,

Defendants.

Case No.: C14-00424 PSG

**DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Hearing Date: Tuesday, May 12, 2015
Hearing Time: 10:00 a.m.
Dept: Courtroom 5
Judge: Paul Singh Grewal

Date Action Filed: January 28, 2014

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS FOURTH AMENDED CLASS ACTION COMPLAINT ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. ISSUES TO BE DECIDED ..... 1

II. INTRODUCTION ..... 1

III. BACKGROUND ..... 3

- A. The Whisper App And User-Initiated Invitations ..... 3
- B. Procedural History ..... 3
  - 1. The First Dismissal Order ..... 3
  - 2. The Second Dismissal Order ..... 4
  - 3. Plaintiff's Fourth Amended Complaint ..... 5

IV. ARGUMENT AND AUTHORITY ..... 6

- A. Legal Standards ..... 6
- B. Plaintiff's Fourth Amended Complaint Still Does Not Sufficiently Allege That WhisperText Sent The SMS Message He Received Using An ATDS. ..... 8
  - 1. Plaintiff's Prior Allegations Still Foreclose Plaintiff's Theory That The Whisper App Can Dial Numbers Without Human Intervention. ..... 9
    - a. Plaintiff Cannot Avoid His Dispositive Admissions That The Whisper App Requires Human Intervention. ..... 10
    - b. Plaintiff's Allegations Concerning Twilio's API Platform Do Not Bolster Plaintiff's Claim. ..... 13
    - c. Plaintiff's "Growth Hacking" Allegations Do Not Bolster Plaintiff's Claim. ..... 14
- C. The Fourth Amended Complaint Should Be Dismissed With Prejudice. ..... 14

V. CONCLUSION ..... 15

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595 (9th Cir. 2014)....................14

*Albrecht v. Lund*, 845 F.2d 193 (9th Cir. 1988)....................14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................6, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)....................6, 7

*Bowes v. Christian Record Servs.*, No. EDCV 11-799, 2012 WL 1865712 (C.D. Cal. May 21, 2012)....................7

*Dominguez v. Yahoo!, Inc.*, No. 13-1887, 2014 U.S. Dist. LEXIS 36542 (E.D. Pa. Mar. 20, 2014)....................8, 9

*Fasugbe v. Willms*, No. 2:10-2320 WBS KJN, 2011 WL 2119128 (E.D. Cal. May 26, 2011)....................7, 10

*Glauser v. GroupMe, Inc.*, No. C 11-2584 PJH, 2015 WL 475111 (N.D. Cal. Feb. 4, 2015)....................8, 12, 13, 14

*Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189 (W.D. Wash. 2014)....................8, 11, 12

*Griffin Indus. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007)....................7

*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995)....................7

*In re Merrill Lynch Ltd. P'ships Litig.*, 7 F. Supp. 2d 256 (S.D.N.Y. 1997)....................15

*Marks v. Crunch San Diego, LLC*, --- F. Supp. 3d ---, 2014 WL 5422976 (S.D. Cal. Oct. 23, 2014)....................11, 12

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009)....................8

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013)....................7, 13

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001)....................7, 13

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
782 F. Supp. 2d 1059 (E.D. Cal. 2011)....................8, 10

*Weisbuch v. County of Los Angeles*,
119 F.3d 778 (9th Cir. 1997)....................13

**STATUTES**

47 U.S.C. § 227....................1, 8

**ADMINISTRATIVE RULINGS**

Report and Order, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
18 F.C.C.R. 14014 (July 3, 2003)....................9, 10

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**NOTICE OF MOTION AND MOTION TO DISMISS FOURTH AMENDED CLASS ACTION COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that, on Tuesday, May 12, 2015, at 10:00 a.m. in the courtroom of the Honorable Paul Singh Grewal, located at 280 South 1st Street, San Jose, California, 95113, Courtroom 5, Defendants WhisperText, Inc. and WhisperText, LLC (collectively, "WhisperText") will and hereby do move for an order dismissing Plaintiff's Fourth Amended Class Action Complaint for Damages and Injunctive Relief [Dkt. No. 68] (the "Fourth Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider in connection with this Motion.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. ISSUES TO BE DECIDED**

1. Whether Plaintiff has failed to sufficiently allege that WhisperText made any call using an "automatic telephone dialing system" (or "ATDS"), a required element of Plaintiff's claim under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) (the "TCPA").

2. Whether Plaintiff's Fourth Amended Complaint should be dismissed with prejudice, because any further amendment would be futile.

**II. INTRODUCTION**

Plaintiff Tony McKenna seeks to pursue a TCPA claim against WhisperText on behalf of a putative nationwide class of individuals based on his alleged receipt of a single "unauthorized" SMS message inviting him to download WhisperText's smartphone application (the "Whisper App"). This Court has twice dismissed Plaintiff's prior complaints under Rule 12(b)(6) based on Plaintiff's failure to sufficiently allege that the message he received was sent using an ATDS. In its most recent dismissal order, the Court ruled that Plaintiff's affirmative allegations that SMS invitations can be sent through the Whisper App *only* at the user's express direction doomed

Plaintiff's claim as a matter of law: "McKenna's affirmative allegations of the need for human intervention by a Whisper App user when . . . sending an SMS invitation preclude the need for discovery to address whether McKenna has alleged the use of an ATDS." Order Granting Motion to Dismiss [Dkt. No. 63] (the "Second Dismissal Order") at 8.

Undeterred, Plaintiff has now filed a Fourth Amended Complaint. Plaintiff's Fourth Amended Complaint attempts to plead a TCPA claim based on the same basic theory as his Third Amended Complaint—*i.e.*, by alleging that the Whisper App is an ATDS because it is supposedly capable of sending SMS invitations "without human intervention"—but the Fourth Amended Complaint differs from Plaintiff's previous complaint in three primary ways. First, Plaintiff attempts to avoid the basis for the Court's Second Dismissal Order by deleting the specific factual allegations of user involvement that the Court found were fatal to Plaintiff's ATDS theory. In their place, Plaintiff now adds several vague allegations regarding intermediate steps in the SMS transmission process that he alleges take place between the time the Whisper App user taps the "send" button to send the invitation to his contact and before that contact receives the message. Second, Plaintiff adds several pages of new allegations concerning non-party service provider Twilio, Inc., alleging that its platform is capable of sending "wireless spam." Third, Plaintiff now alleges the Whisper App's invitation functionality amounts to what Plaintiff calls "growth hacking," or an attempt to artificially inflate user numbers.

None of those changes or new allegations comes close to curing the defects from Plaintiff's prior complaints. To begin with, the Court should unequivocally reject Plaintiff's cynical attempt to avoid dismissal by simply removing all reference to Plaintiff's prior allegations that the Whisper App can send SMS invitations only at a user's affirmative direction. The Court can, and should, still consider those allegations in evaluating the sufficiency of Plaintiff's Fourth Amended Complaint. Critically, Plaintiff does not disavow those prior allegations, and none of Plaintiff's new, artfully-pleaded allegations actually contradicts Plaintiff's earlier admission that the Whisper App can send an SMS invitation only if a user first affirmatively selects one or more contacts and directs the Whisper App to send an invitation. That admission therefore remains fatal to Plaintiff's TCPA claim.

Plaintiff's new allegations about Twilio's API platform fare no better. As numerous courts have held, for a system to qualify as an ATDS, it must have the *current*, *actual capacity* to function as an ATDS. Thus, whether Twilio's API platform can, in the abstract, be combined with a software application to create a system capable of dialing stored numbers without human intervention is simply irrelevant in light of Plaintiff's concession that human intervention is required for the Whisper App to send an SMS invitation.

Finally, Plaintiff's general, related allegations that the Whisper App's SMS invitation functionality is "a mobile growth hacking scheme" are pure bluster and do not create a plausible inference that WhisperText sent the invitation Plaintiff received using an ATDS.

In sum, Plaintiff cannot run away from the specific, affirmative allegations relating to "human intervention" that doomed his Third Amended Complaint, and he has again failed to allege any other facts that would plausibly suggest that the Whisper App can store or produce randomly or sequentially generated numbers. Plaintiff's Fourth Amended Complaint should therefore be dismissed with prejudice.

## III. BACKGROUND

### A. The Whisper App And User-Initiated Invitations

WhisperText is a California-based start-up company that created and operates a primarily mobile-accessed anonymous sharing service, along with an associated smartphone application (the Whisper App), that allows users to post, and to send and receive messages, anonymously. *See* Fourth Amended Complaint ¶¶ 1, 7. The Whisper App, like many smartphone applications, also allows users to select friends or contacts from their mobile devices' contact lists and send those selected friends or contacts a text message inviting them to download and try the Whisper App. *See* Third Amended Complaint [Dkt. No. 50] ¶¶ 17-18. This lawsuit arises out of one such invitation.

### B. Procedural History

#### 1. The First Dismissal Order

Plaintiff Tony McKenna filed his original Complaint in this lawsuit on January 28, 2014, followed by a First Amended Complaint [Dkt. No. 8] on February 21, 2014. In his First

Amended Complaint, Plaintiff alleged that on December 19, 2013, he received a text message on his mobile phone from a "long code" (*i.e.*, a ten-digit telephone number)—(650) 241-2157—that he claims was operated by WhisperText. First Amended Complaint ¶ 18. Plaintiff alleged that the text of the message read as follows:

> Someone you know has anonymously invited you to join Whisper, a mobile social network for sharing secrets. Check out the app here: http://bit.ly.HLVr79

*Id.* Plaintiff also alleged that he did not provide prior consent to receiving any text messages from WhisperText. *Id.* ¶ 20. Based on those allegations, Plaintiff asserted a single claim for relief under the TCPA, and he purported to represent a nationwide class of all persons who received supposedly "unauthorized" text messages from WhisperText. *Id.* ¶¶ 21, 28-32.

On September 9, 2014, the Court dismissed Plaintiff's First Amended Complaint, pursuant to Rule 12(b)(6), and the Court issued a written order memorializing its decision on September 29, 2014. *See* Order Granting Motion to Dismiss and Denying Motion to Stay [Dkt. No. 48] (the "First Dismissal Order"). As relevant here, the Court found that Plaintiff's allegations that the Whisper App was an ATDS were "insufficiently conclusory" to state a claim on which relief could be granted. *Id.* at 7.

**2. <u>The Second Dismissal Order</u>**

Plaintiff filed a Second Amended Complaint [Dkt. No. 47] on September 23, 2014. Pursuant to a stipulation of the parties, Plaintiff filed his Third Amended Complaint [Dkt. No. 50] on October 7, 2014. Plaintiff's Third Amended Complaint included new allegations intended to bolster Plaintiff's claim that the message he received was sent using an ATDS, including allegations that purported to describe the functionality of the Whisper App's SMS invitation mechanism. Most significantly, although Plaintiff's Third Amended Complaint included numerous allegations to the effect that SMS invitations sent using the Whisper App were sent "automatically," Plaintiff also affirmatively alleged that the Whisper App could send SMS invitations ***only at a user's affirmative direction***. *See* Third Amended Complaint ¶ 17 (alleging that user is "automatically informed by Defendants that 'Whisper will text your friends for you' ***at the customer's direction***, and Defendants' invitational text message invites the customer's

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

'friends' to download Defendant's app") (emphasis added).

WhisperText moved to dismiss Plaintiff's Third Amended Complaint for failure to state a claim. In his opposition to WhisperText's motion to dismiss, Plaintiff again repeatedly acknowledged that the Whisper App can send SMS invitations only at the user's affirmative direction: "In this case, it is true that WhisperText does not automatically send the text messages without first asking its customer if it wants the text message to be sent." Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Third Amended Class Action Complaint [Dkt. No. 55] ("Second Opp.") at 13-14; *see also id.* at 10, 19.

By order dated January 30, 2015, the Court granted WhisperText's motion and dismissed Plaintiff's Third Amended Complaint. *See* Second Dismissal Order. The Court found that, even assuming that the TCPA's definition of an "ATDS" reaches any equipment that is capable of dialing numbers from a stored list "without human intervention," as Plaintiff argued, Plaintiff's Third Amended Complaint failed to state a viable TCPA claim because Plaintiff's "allegations make clear that the Whisper App can send SMS invitations only at the user's affirmative direction to recipients selected by the user." *Id.* at 6; *see also id.* at 8 ("McKenna's affirmative allegations of the need for human intervention by a Whisper App user when . . . sending an SMS invitation preclude the need for discovery to address whether McKenna has alleged the use of an ATDS."). The Court nevertheless granted Plaintiff leave to amend "once more" to attempt to state a viable TCPA claim. *Id.* at 9.

**3. <u>Plaintiff's Fourth Amended Complaint</u>**

Plaintiff filed his currently operative pleading, the Fourth Amended Complaint, on March 9, 2015. Much like Plaintiff's Third Amended Complaint, the focus of the Fourth Amended Complaint is directed to Plaintiff's theory that the Whisper App is an ATDS because it can supposedly dial numbers from a stored list "without human intervention," making it analogous to a "predictive dialer." Plaintiff omits from his Fourth Amended Complaint the specific allegations that the Court ruled were fatal to Plaintiff's Third Amended Complaint—*i.e.*, the allegations that the Whisper App can send SMS invitations only "at the customer's direction" and that the user must select the friends or contacts to whom an invitation should be sent. *See* Third Amended

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Complaint ¶¶ 17-18.

Notably, however, Plaintiff's Fourth Amended Complaint does ***not*** purport to allege that the Whisper App is capable of sending SMS invitations in any manner other than at a user's affirmative direction. That is, Plaintiff does not disavow his acknowledgment in the Third Amended Complaint that the Whisper user must direct the Whisper App to send an SMS message to one of his contacts before the message is transmitted. Rather, Plaintiff's Fourth Amended Complaint instead adds several new allegations aimed at qualifying the user direction that Plaintiff has already admitted is required to send SMS invitations through the Whisper App. Plaintiff now alleges that users of the Whisper App are not involved in the "physical transfer" of telephone numbers or the "transmission" of the SMS invitations. *See* Fourth Amended Complaint ¶ 32. Plaintiff also alleges that Whisper App users do not draft or see the actual text of the SMS invitations and "do not know when they are sent." *Id.*

Finally, Plaintiff's Fourth Amended Complaint also adds roughly four pages of allegations concerning third-party communications service provider Twilio, Inc. *See* Fourth Amended Complaint ¶¶ 14-24, 28-32. Plaintiff alleges (as he did in the Third Amended Complaint) that telephone numbers are uploaded from the phones of users of the Whisper App and that SMS invitations sent using the Whisper App are routed and delivered through Twilio. *See* Fourth Amended Complaint ¶¶ 14, 28-31. Plaintiff's Fourth Amended Complaint also adds allegations (i) concerning the services offered by Twilio (*id.* ¶¶ 14-15), (ii) that Twilio's platform has been used to send so-called "wireless spam" and in connection with "growth hacking" (*id.* ¶¶ 16-18, 22), and (iii) that Twilio's API platform is capable of being used to store and transmit text messages to lists of numbers without human intervention. *Id.* ¶¶ 23-24.

## IV. <u>ARGUMENT AND AUTHORITY</u>

### A. <u>Legal Standards</u>

To survive a Rule 12(b)(6) motion, a complaint must allege sufficient well-pleaded facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) is thus appropriate in two related but distinct circumstances: (1) where the

complaint fails to allege sufficient facts to support a claim under a cognizable legal theory; or (2) where the complaint relies on an invalid legal theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While a complaint need not include detailed factual allegations, Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must allege facts that, when considered true, raise the right to relief "above the speculative level." *Id.* In ruling on a motion to dismiss, the Court must assume the truth of all well-pleaded factual allegations, but it need not accept as true any conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal,* 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In addition, the Court is not required to credit general or conclusory allegations that contradict other, more specific, allegations in the complaint. *See, e.g.*, *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations."); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint."); *Bowes v. Christian Record Servs.*, No. EDCV 11-799 CAS (DTBx), 2012 WL 1865712, *6 (C.D. Cal. May 21, 2012) (dismissing amended complaint; "[P]laintiff's conclusory allegations that contradict other allegations in the SAC fail as a matter of law.").

Finally, in connection with a motion to dismiss an amended complaint, a court may consider allegations from the plaintiff's prior pleadings in assessing the plausibility of the plaintiff's new allegations. *See, e.g.*, *Fasugbe v. Willms*, No. 2:10-2320 WBS KJN, 2011 WL 2119128, *5 (E.D. Cal. May 26, 2011) ("[T]he court need not ignore the prior allegations in determining the *plausibility* of the current pleadings."). And where the allegations of an amended pleading arguably conflict with the plaintiff's prior allegations, the plaintiff "must allege more

factual support" to render a claim based on such contradictory allegations plausible. *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1076 (E.D. Cal. 2011).

**B. <u>Plaintiff's Fourth Amended Complaint Still Does Not Sufficiently Allege That WhisperText Sent The SMS Message He Received Using An ATDS</u>.**

As relevant to this lawsuit, the TCPA provides that a person may not make any call to a cellular phone using an ATDS or an artificial prerecorded voice message without the recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA expressly defines the phrase "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In accordance with that definition, under Ninth Circuit law, a TCPA plaintiff must allege and ultimately prove that the offending call or message was sent using equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (TCPA's "clear language" requires that ATDS must "have the capacity" to "store, produce, or call randomly or sequentially generated telephone numbers"); *Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189, 1193 (W.D. Wash. 2014) (equipment not an ATDS under statutory definition where it had no ability to "autonomously randomly or sequentially generate numbers to be dialed as required to fulfill the statutory definition of an ATDS"); *Dominguez v. Yahoo!, Inc.*, No. 13-1887, 2014 U.S. Dist. LEXIS 36542, *16-20 (E.D. Pa. Mar. 20, 2014) (same).

In addition, as numerous courts have now held, the inquiry into whether equipment or a system has the "capacity" to function as an ATDS must be based on the system's actual, present capacity at the time of the call at issue; that a system might have the "potential capacity" to function as an ATDS if programmed differently or outfitted with different software is insufficient. *See Glauser v. GroupMe, Inc.*, No. C 11-2584 PJH, 2015 WL 475111, *4 (N.D. Cal. Feb. 4, 2015), *appeal docketed*, No 15-15425 (9th Cir. Mar. 9, 2015) ("[T]he relevant inquiry under the TCPA is whether a defendant's equipment has the present capacity to perform autodialing functions . . . ."); *Gragg*, 995 F. Supp. 2d at 1192-93 ("Adopting plaintiff's broad interpretation

FENWICK & WEST LLP ATTORNEYS AT LAW SAN FRANCISCO

that any technology with the **potential** capacity to store or produce and call telephone numbers using a random number generator constitutes an ATDS would capture many of contemporary society's most common technological devices within the statutory definition."); *Dominguez*, 2014 U.S. Dist. LEXIS 36542 at *12 n.4 (noting that courts have "drawn a distinction between a system's present capacity (as currently designed) and its potential capacity").

### 1. Plaintiff's Prior Allegations Still Foreclose Plaintiff's Theory That The Whisper App Can Dial Numbers Without Human Intervention.

Plaintiff's Fourth Amended Complaint, like the Third Amended Complaint, attempts to plead the ATDS element of Plaintiff's TCPA claim almost exclusively by alleging that the Whisper App can send SMS invitations to a list of telephone numbers through "without any human intervention as part of a technically complex and fully automated system." Fourth Amended Complaint ¶ 32. Plaintiff's theory is based on his contention that a 2003 FCC Order[1] relating to "predictive dialer" telephone equipment broadly established that *any* system that can store a list of telephone numbers and "dial numbers without human intervention" is an ATDS under the TCPA, even if the system lacks the statutorily required capacity to store or produce randomly or sequentially generated telephone numbers. *See* Second Opp. at 4-12. But Plaintiff's affirmative allegation that an individual Whisper App user must take affirmative action on the user's phone to send an invitation to one or more of his contacts is fatal to Plaintiff's ability to allege that Whisper used an ATDS, regardless of any intermediate steps that take place before the message is ultimately delivered.[2] But for this human intervention—a user tapping a "send" button on his phone—no message would be sent by the Whisper App.

---

[1] *See* Report and Order, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (July 3, 2003) (the "2003 FCC Order"). Relevant excerpts from the 2003 FCC Order are attached as Exhibit A to the Declaration of Bradley T. Meissner [Dkt. No. 52-1].

[2] *See* Third Amended Complaint ¶ 17 (alleging that user is "automatically informed by Defendants that 'Whisper will text your friends for you' ***at the customer's direction***, and Defendants' invitational text message invites the customer's 'friends' to download Defendant's app") (emphasis added); Second Opp. at 13-14 ("In this case, it is true that WhisperText does not automatically send the text messages without first asking its customer if it wants the text message to be sent.").

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

In its Second Dismissal Order, this Court ruled that, even assuming that Plaintiff's "predictive dialer" theory could support a viable TCPA claim, Plaintiff's Third Amended Complaint did not state a claim based on that theory because Plaintiff's own allegations demonstrated that the Whisper App does ***not*** have the capacity to dial numbers without human intervention. *See* Second Dismissal Order at 6-8.

As WhisperText explained at length in its briefing on the motion to dismiss Plaintiff's Third Amended Complaint, Plaintiff's "predictive dialer" theory fails as a matter of law, because it relies on an incorrect interpretation of the 2003 FCC Order. The 2003 FCC Order, by its terms, applies only to "predictive dialers," and Plaintiff does not contend or allege that the Whisper App is a predictive dialer. *See* Defendants' Motion to Dismiss Third Amended Class Action Complaint [Dkt. No. 52] ("Second MTD") at 9-10; Reply Memorandum in support of Defendants' Motion to Dismiss Third Amended Class Action Complaint [Dkt. No. 56] ("Second Reply") at 2. And even as to predictive dialers, the 2003 FCC Order did not purport to eliminate the statutory requirement that an ATDS have the capacity to store or produce randomly or sequentially generated numbers. *See* Second MTD at 10; Second Reply at 3-6.

Even if the Court were to accept Plaintiff's interpretation of the 2003 FCC Order, however, Plaintiff's Fourth Amended Complaint must be dismissed for the exact same reasons that doomed Plaintiff's Third Amended Complaint. Because Plaintiff has alleged and admitted that the Whisper App can send SMS invitations only at a user's affirmative direction, Plaintiff cannot state a plausible claim that the Whisper App has the capacity to store and dial numbers "without human intervention."

**a. <u>Plaintiff Cannot Avoid His Dispositive Admissions That The Whisper App Requires Human Intervention.</u>**

Despite the fact that Plaintiff has excised from his Fourth Amended Complaint any reference to the admitted fact that a Whisper App user must take affirmative action to send an SMS to one or more of his contacts, the Court can, and should, still consider those prior allegations in evaluating the sufficiency of Plaintiff's Fourth Amended Complaint. *See Fasugbe*, 2011 WL 2119128 at *5; *Stanislaus Food Prods. Co.*, 782 F. Supp. 2d at 1076.

Notably, Plaintiff does not (because he cannot, in good faith) actually disavow his prior allegations that SMS invitations sent using the Whisper App must be directed and initiated by the user. Rather, Plaintiff's Fourth Amended Complaint instead seeks to obscure that dispositive fact by adding new allegations that users of the Whisper App are not involved in "the physical transfer" of telephone numbers to stored lists or "the drafting of the text messages," and that users "do not see the text messages before they are sent and do not know when they are sent." Fourth Amended Complaint ¶ 32. In other words, Plaintiff alleges that ***after*** a user of the Whisper App (1) determines that she would like to send an SMS invitation to one or more of her contacts; (2) selects the specific contact who she wants to invite; and (3) instructs the Whisper App to send the message, the message is then transmitted and delivered through a series of technical steps without any ***additional*** human intervention, and Plaintiff contends that those allegations state a viable TCPA claim.

But Plaintiff's new allegations do not negate the human intervention that Plaintiff has already admitted is required to send any SMS invitation using the Whisper App, and they therefore do not help Plaintiff state a viable claim for relief. Plaintiff appears to advocate a standard under which equipment is an ATDS *unless* it requires that every step of the process of sending a message be performed manually.[3] But that is simply not the law and would lead to an absurdly rigid interpretation of the TCPA. As this Court found in its Second Dismissal Order, the degree of human intervention that Plaintiff has already conceded is required to send an SMS invitation using the Whisper App equals or exceeds what numerous courts have found sufficient to establish that a challenged system is not an ATDS as a matter of law. *See* Second Dismissal Order at 7-8 (citing *Gragg*, 995 F. Supp. 2d at 1194, and *Marks v. Crunch San Diego, LLC*, --- F. Supp. 3d ----, 2014 WL 5422976, *3 (S.D. Cal. Oct. 23, 2014)).

---

[3] Indeed, Plaintiff has already expressly argued for such a standard in this case. In his opposition to WhisperText's original motion to dismiss, Plaintiff argued that "all text messages that are not sent from one individual to another . . . and do not involve an individual message being drafted and sent by a person, must be sent using an ATDS." *See* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss [Dkt. No. 33] at 15. That sweeping reading of the TCPA's ATDS definition is, however, unsupported by any authority and would impermissibly expand the TCPA's definition of an ATDS.

In *Gragg*, for example, the record before the Court showed that the defendant taxi company's accused system was capable of automatically "generating and sending [SMS] dispatch notifications," but only once the driver had pressed a button indicating that he would pick up the passenger. 995 F. Supp. 2d at 1191. Based on that undisputed record, the Court ruled that the defendant's system was not an ATDS as a matter of law:

> Following the Ninth Circuit's "common sense" approach to TCPA claims, the level of human agency involved in transmitting the text dispatch notifications is sufficient to qualify as "human intervention." The system is able to dial and transmit the dispatch notification only after the driver has physically pressed "accept": human intervention is essential.

*Id.* at 1194.

In *Marks*, the court granted a defendant's summary judgment motion that its SMS platform was not an ATDS where the relevant human intervention was even a step further removed from the sending of the messages than it is in this case. In holding that the accused system was not an ATDS, the *Marks* court found it significant that telephone numbers could be uploaded to and included on the platform only through "human curation and intervention." *Marks*, 2014 WL 5422976 at *3.

Similarly, in *Glauser v. GroupMe, Inc.*, No. C 11-2584 PJH, 2015 WL 475111 (N.D. Cal. Feb. 4, 2015),[4] a recent case decided after this Court's Second Dismissal Order, Judge Hamilton of this Court rejected the very same arguments that Plaintiff makes in this case. *Glauser* involved a "group messaging" application called GroupMe. The plaintiff claimed that, once one of his contacts provided the plaintiff's telephone number to the defendant (for purposes of adding plaintiff to a "group"), the defendant "automatically" sent him several administrative text messages that plaintiff alleged were sent using an ATDS. In opposing the defendant's motion for summary judgment, the plaintiff argued that the defendant's system was an ATDS because the text message he received was automatically generated and because the "'[g]roup creators never asked GroupMe to send the [Welcome Texts], did not send the messages themselves, and were never informed that the messages would be sent.'" *Id.* at *6 (alterations in original). The court

---

[4] *Appeal docketed*, No 15-15425 (9th Cir. Mar. 9, 2015).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

held that, even accepting the plaintiff's description of the process, the defendant's system did not send messages "without human intervention," and was therefore not an ATDS, because the messages were sent "as a direct response to the intervention of" the plaintiff's contact, who added plaintiff to a group and provided the defendant with the plaintiff's telephone number. *Id.*

Just as in *Glauser*, even accepting Plaintiff's allegations that users of the Whisper App are not directly involved in drafting the actual SMS invitations or in "the physical transfer" of telephone numbers, based on Plaintiff's own allegations, because the invitations can be sent only in response to a user's affirmative direction, the Whisper App cannot dial numbers "without human intervention," and Plaintiff's "predictive dialer" theory therefore fails.

**b. Plaintiff's Allegations Concerning Twilio's API Platform Do Not Bolster Plaintiff's Claim.**

For similar reasons, Plaintiff's new allegations concerning Twilio's API platform do not render Plaintiff's theory that the Whisper App is an ATDS plausible. To begin with, Plaintiff's allegations that Twilio's API platform can be used to deliver so-called "wireless spam" are irrelevant to the basis on which the Court dismissed Plaintiff's Third Amended Complaint. Plaintiff's Third Amended Complaint did not fail for lack of sufficient factual allegations concerning the automated transmission and delivery of the SMS invitation through Twilio—indeed, the Court's Second Dismissal Order took at face value Plaintiff's allegations that users' "[c]ontacts are . . . uploaded to a database and routed through a third party that generates and sends automated text messages." Second Dismissal Order at 3. Rather, as explained above, Plaintiff's Third Amended Complaint was subject to dismissal because Plaintiff alleged that SMS messages were sent from the Whisper App only after a Whisper user initiated sending the message. *See Somers*, 729 F.3d at 959 (complaint may be dismissed under Rule 12(b)(6) where complaint "lacks a cognizable legal theory"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim . . . .") (citation omitted); *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("[A] plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim.") (internal quotation marks omitted).

Plaintiff's new allegations about Twilio's API platform do not speak to that fatal defect. Even if, as Plaintiff alleges, other parties can (or do) use Twilio's API platform in connection with software applications that have the capacity to dial lists of stored telephone number without human intervention, that does not bolster Plaintiff's claims here. Rather, Plaintiff must sufficiently allege that the Whisper App is presently capable of performing the functions of an ATDS. *See, e.g.*, *Glauser*, 2015 WL 475111 at *4. As explained above, however, Plaintiff's own allegations and admissions foreclose that possibility.

**c. <u>Plaintiff's "Growth Hacking" Allegations Do Not Bolster Plaintiff's Claim.</u>**

Finally, Plaintiff's general allegations that WhisperText engages in what he terms "growth hacking" also fail to plausibly suggest that the Whisper App has the capacity to function as an ADS. Plaintiff describes "growth hacking" as a "euphemism for unauthorized advertising or spam," and he alleges that the Whisper App's SMS invitation functionality is "the very definition of a mobile growth hacking scheme," because it supposedly sends SMS invitations to consumers through a "process lacking any human intervention." Fourth Amended Complaint ¶¶ 19-20. Just as with Plaintiff's other new allegations, however, Plaintiff's conclusory allegations that the Whisper App can dial numbers without human intervention cannot overcome Plaintiff's specific admissions that the Whisper App requires user direction to send SMS invitations. *See* Sections IV.B.1.a-b, *supra*. For that reason, none of Plaintiff's new allegations, whether considered together or separately, plausibly suggests that the Whisper App has the capacity to function as an ATDS, and Plaintiff's TCPA claim therefore fails.

**C. <u>The Fourth Amended Complaint Should Be Dismissed With Prejudice.</u>**

"A district court may dismiss a complaint without leave to amend if amendment would be futile." *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (internal quotation omitted). Plaintiff has now had three opportunities to plead a viable claim for relief under the TCPA, and it is clear that the defects in Plaintiff's Fourth Amended Complaint cannot be cured by further repleading, because the facts that Plaintiff has admitted and alleged simply do not give rise to an actionable TCPA claim. Accordingly,

dismissal should be with prejudice. *See Albrecht v. Lund*, 845 F.2d 193, 196 (9th Cir. 1988) (dismissal of claim with prejudice is proper where allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency, rendering amendment futile); *In re Merrill Lynch Ltd. P'ships Litig.*, 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997) ("[P]leading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges. Rather, plaintiffs have the responsibility to plead their case adequately, without defendants' or the Court's assistance. . . . A court may deny a plaintiff leave to replead when that party has 'has been given ample prior opportunity to allege a claim.'").

## V. CONCLUSION

For all of the reasons stated above, WhisperText respectfully requests that the Court dismiss Plaintiff's Fourth Amended Complaint with prejudice.

Dated: April 6, 2015. FENWICK & WEST LLP

*s/ Tyler Newby*

Tyler Newby
tnewby@fenwick.com
Rodger Cole
rcole@fenwick.com
Angel Chiang
achiang@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Bradley T. Meissner
(admitted *pro hac vice*)
bmeissner@fenwick.com
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

Attorneys for Defendants WhisperText, LLC and WhisperText, Inc.