UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TONY MCKENNA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WHISPERTEXT et al.,<br><br>　　　　　Defendants. | Case No. 5:14-cv-00424-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 71)** |

Defendants WhisperText, LLC, and WhisperText, Inc. operate an anonymous sharing service called Whisper. The idea is to allow users to share their ideas, hopes and fears without attribution. Like many services accessed primarily on mobile devices, the Whisper App allows users to select contacts and invite those contacts by SMS text to try Whisper for themselves. At issue is whether Whisper's text invitations, as alleged, use an automated telephone dialing system (ATDS) in violation of the Telephone Consumer Protection Act (TCPA). Because the present complaint, like those complaints that preceded it, does not state any cognizable claim under the

1

Case No. 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

TCPA, WhisperText's motion to dismiss is GRANTED.  Plaintiff Tony McKenna already has received leave to amend twice;[1] any further leave to amend would be futile and is DENIED.

**I.**

The Telephone Consumer Protection Act makes it unlawful to "make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service."[2]  An ATDS is defined as any "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[3]  When Congress passed the TCPA, it directed the Federal Communications Commission to promulgate regulations to implement the Act's requirements.[4]  In accordance with this mandate, the FCC has clarified that Section 227(a)(1)'s definition of an ATDS covers "any equipment" with the capacity to "generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists."[5]  The Ninth Circuit has held that text messages constitute calls under the TCPA,[6] and the alleged use of "long codes" to transmit generic messages en masse has been deemed sufficient to allege the use of an ATDS under the federal pleading requirements.[7]

---

[1] *See* Docket No. 48 at 9:5-7; Docket No. 63 at 9:6-7.

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Id.* at (a)(1).

[4] *See* 47 U.S.C. § 227(b)(2).

[5] *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rec'd 15391, 15399 n.5 (2012) (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rec'd 14014, 14091-92 (2003)).

[6] *See Satterfield v. Simon & Schuster, Inc.*, 4569 F.3d 946, 951 (9th Cir. 2009).

[7] *See, e.g.*, *Kramer v. Autobytel*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010); *Kazemi v. Payless Shoesource Inc.*, Case No. 3:09-cv-5142-MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010); *Abbas v. Selling Source, LLC*, Case No. 09-cv-3413, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009).

Around December 19, 2013, McKenna's cell phone rang.[8]  He had received an SMS from "16502412157," a special purpose "long code" telephone number operated by WhisperText and its agents.[9]  The message read: "Someone you know has anonymously invited you to join Whisper, a mobile social network for sharing secrets.  Check out the app here: http://bit.ly.HLVr79." [10]  Soon afterward, McKenna filed this suit, alleging that WhisperText had violated his rights under the TCPA.[11]  McKenna proposes to represent a class of individuals that received such unsolicited Whisper invitations and seeks an injunction requiring WhisperText to "cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees."[12]

The court dismissed McKenna's first amended complaint for failure to allege plausible facts suggesting that the Whisper app used an ATDS sufficient to trigger TCPA liability.[13]  McKenna then amended his complaint to allege that WhisperText used equipment "that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers," that is, an ATDS.[14]  However, McKenna's third amended complaint[15] and opposition made it clear that "the Whisper App [could] send SMS

---

[8] *See* Docket No. 68 at ¶ 26.

[9] *See id.* at ¶ 27.

[10] *Id.*

[11] *See* Docket No. 1.

[12] Docket No. 68 at ¶¶ 3-4.  Under Section 227(b)(3)(B) of the TCPA, each violation entitles the victim to a minimum of $500.00 in damages.

[13] *See* Docket No. 48 at 6-7.

[14] *See* Docket No. 50 at 7:23-25.

[15] After the court dismissed the first amended complaint, McKenna filed a second amended complaint.  *See* Docket Nos. 44, 47.  Because the second amended complaint contained a factual

invitations only at the user's affirmative direction to recipients selected by the user."[16] The court held that because WhisperText's equipment required human intervention, McKenna again failed to allege facts sufficient to show that WhisperText's equipment satisfied the statutory definition of an ATDS.[17]

In his fourth amended complaint, McKenna removed all mention of the WhisperText customer's role in deciding to send invitations to contacts, and in selecting the invitation's recipients.[18] McKenna now focuses on the processes by which WhisperText harvests the selected contacts' phone numbers from the customer's cell phone, uploads those numbers to a third party communications provider operating a platform for sending text messages and sends out the invitations to those numbers through the platform.[19] McKenna alleges that "the entire process" of harvesting, uploading, and sending is "automated and performed without any human intervention" by WhisperText and the third-party platform.[20] McKenna also adds allegations that the platform is regularly used to conduct "mass spamming events" as part of "mobile growth hacking," where unscrupulous entities use the platform to send unsolicited invitational text messages.[21]

WhisperText now moves to dismiss McKenna's fourth amended complaint with prejudice, arguing that further amendment would be futile.[22]

---

inaccuracy, which Defendants brought to McKenna's attention, the parties stipulated to the filing of the third amended complaint. *See* Docket No. 51 at ¶¶ 3-4.

[16] Docket No. 63 at 6:12-14; *see also* Docket No. 50 at ¶¶ 17-19; Docket No. 55 at 13-14.

[17] *See* Docket No. 63 at 7:1-8:4.

[18] *See* Docket No. 68 at ¶¶28-32.

[19] *See id.* at ¶¶ 28-29.

[20] *Id.* at ¶ 32.

[21] *See id.* at ¶¶ 18-22.

[22] *See* Docket No. 71 at 14:23-15:9.

4

Case No. 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

**II.**

The court has jurisdiction under 28 U.S.C. § 1331. The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[23]

Fed. R. Civ. P. 12(b)(6) permits challenges to the legal sufficiency of the opposing party's pleadings.[24] The court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[25] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[26] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[27] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[28] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[30]

---

[23] *See* Docket Nos. 9, 14.

[24] *See Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

[25] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[26] *See id.*

[27] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[28] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[30] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.

"[T]here is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations."[31]  However, when evaluating an amended complaint, "[t]he court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether" an amended complaint "plausibly suggests an entitlement to relief."[32]  Applying these standards against McKenna's amended claim, the claim fails as follows.

*First*, McKenna again fails to state a claim that WhisperText used an ATDS to send him an unwanted message.  As the court held in its previous order, McKenna's statements that the Whisper App sends text invitations only at the user's affirmative direction foreclose any plausibility that WhisperText sends messages using an ATDS, without human intervention.[33]

---

[31] *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007).

[32] *Cole v. Sunnyvale*, No. C-08-05017-RMW, 2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010); *see also Fasugbe v. Willms*, No. 2:10-2320 WBS KJN, 2011 WL 2119128, *5 (E.D. Cal. May 26, 2011); *Stanislaus Food Products Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1076 (E.D. Cal. 2011) (recognizing that while "plaintiff permissibly may alter the challenged conduct in an amended complaint," the court may demand more factual support in light of the prior allegations).

McKenna cites *Ryabyshchuk v. Citibank (S. Dakota) N.A.*, No. 11-CV-1236-IEG WVG, 2011 WL 5976239, at *3 (S.D. Cal. Nov. 28, 2011), to argue that the court must evaluate the fourth amended complaint standing alone, but *Ryabyshchuk* acknowledged that "the Court can utilize allegations in prior versions of the complaint to judge the plausibility of the allegations in the amended complaint." *Ryabyshchuck*, 2011 WL 5976239, at *4. McKenna also cites *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011), and *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13CV1395-GPC BLM, 2014 WL 6810663, at *2 (S.D. Cal. Dec. 2, 2014), *amended sub nom. Wahoo Int'l, Inc, v. Phix Doctor, Inc.*, No. 13CV1395-GPCBLM, 2015 WL 410347 (S.D. Cal. Jan. 29, 2015), to argue that once an amended complaint is filed, the original complaint is thereafter treated as non-existent. *See* Docket No. 74 at 7:3-4.  However, neither of those cases speak to the court's ability to consider the allegations of an earlier complaint when adjudicating a motion to dismiss an amended complaint.  The issue in *Valadez-Lopez* was whether an amended complaint should relate back to the filing date of the original complaint when evaluating whether the plaintiff had timely exhausted his administrative remedies before filing his civil suit.  *Valadez-Lopez*, 656 F.3d 851. *Wahoo Int'l, Inc.* was about whether a court "may enter judgment on the original complaint despite the filing of an amended complaint."  2014 WL 6810663, at *2.

[33] *See* Docket No. 63 at 6:12-7:1.

Perhaps in response, the fourth amended complaint strives mightily to direct attention to WhisperText's automated processes, and discusses them as if they were completely detached from any user direction.[34] Nonetheless, it neither denies nor contradicts McKenna's earlier allegations regarding the user's role.[35] Therefore, while this court accepts as plausible the allegations that WhisperText uses automated processes to harvest phone numbers from a Whisper App user's phone and upload them to a third-party platform, and that the platform uses automated processes to send invitational messages to those numbers, it is undeniable from McKenna's previous allegations that the human intervention of a Whisper App user is necessary to set those processes in motion.[36] In light of the need for human intervention, McKenna's allegations that WhisperText and assorted non-party companies use a third-party platform are irrelevant.[37]

---

[34] *See* Docket No. 68 at ¶¶ 24, 28-32; *see also* Docket No. 74 at 4:20-21 ("it was ultimately the Twilio platform that dialed the telephone numbers without human intervention"), 4:22-24 (separating the role of the user in initiating the Whisper App and Twilio in sending messages), 16:11-12 (stating that the dialing of the phone numbers occurs "without any human intervention using the Twilio platform").

[35] *See* Docket No. 74 at 9:1-5 ("Plaintiff's Complaint does not contradict the TAC, but simply explains that any human intervention is limited to the creation of the list of numbers to be dialed and that the WhisperText system utilizes the Twilio platform to actually dial the telephone numbers without human intervention through a completely separate process.").

McKenna argues that under *Salvato v. Ocwen Loan Servicing, LLC*, No. 12-cv-0088, 2012 WL 3018051, at *4 (S.D. Cal. July 24, 2012), it is improper to "strik[e] or discount[] the factual allegations contained in a pleading because they contradict an earlier version," as that would be an improper adjudication on the merits of his claim. Docket No. 74 at 7:16-20. However, in *Salvato* the allegations in original and amended complaints directly contradicted each other; it was improper to consider the contradictions when ruling on a motion to dismiss. Here, the claims are consistent, and the court is not dismissing the claims in the fourth amended complaint for being contradictory, but rather, considering their plausibility in the full context provided by the third amended complaint and McKenna's opposition to the motion to dismiss that complaint.

[36] *See* Docket No. 50 at ¶¶ 17-18; Docket No. 55 at 13:21-14:5.

[37] *Cf. Luna v. Shac, LLC*, Case No. 14-CV-00607-HRL, 2015 WL 4941781, at *5 (N.D. Cal. Aug. 19, 2015) (holding that "human intervention was involved in . . . clicking 'send' on the website to transmit the [text] message to Plaintiff")).

Since the court's previous dismissal order, this district again has held that where an application sends SMS invitations only at the user's affirmative direction, the action taken is with human intervention, meaning that the equipment at issue is not an ATDS.  In *Glauser v. GroupMe, Inc.*, the application GroupMe sent out invitational "Welcome Texts" to selected recipients after obtaining their phone numbers through a GroupMe user's actions.[38]  Like McKenna, Glauser argued that once the GroupMe user selected phone numbers for GroupMe to message, the "'entire process was automated,' and '[n]o human intervention was needed or involved.'"[39]  The court rejected this argument, finding "no basis for plaintiff's argument that the Welcome Texts were sent without human intervention."[40]

McKenna cites to *Harnish v. Frankly Co.*[41] and *Sterk v. Path, Inc.*[42] to support his argument that his claims regarding WhisperText's automated processes sufficiently allege a valid TCPA claim.  But in *Harnish* the complaint did not allege any actions by the Frankly App's users, and alleged only the actions taken by Frankly Co.'s automated processes.[43]  And while *Sterk* held that user actions such as "clicking prompts to upload their phone contacts" were not human intervention,[44] "[i]n *Sterk* the Path system determined which number to call or text (from the user-

---

[38] No. C 11-2584 PJH, 2015 WL 475111, at *1 (N.D. Cal. Feb. 4, 2015).

[39] *Id.* at *6.

[40] *Id.*

[41] No. 5:14-CV-02321-EJD, 2015 WL 1064442, at *1 (N.D. Cal. Mar. 11, 2015).

[42] 46 F. Supp. 3d 813 (N.D. Ill. 2014), *motion to certify appeal granted*, No. 13 CV 2330, 2014 WL 8813657 (N.D. Ill. Aug. 8, 2014).

[43] 2015 WL 1064442, at *1, 3; *see also Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 727 (N.D. Ill. 2011) (same).

[44] 46 F. Supp. 3d at 819; *see also Fields v. Mobile Messengers Am., Inc.*, Case No. 12–5160, 2013 WL 677076 (N.D. Cal. Dec. 23, 2013) (same).

provided list of numbers), [and] when to call . . . . Here, the . . . user has control over each of these variables."[45]

***Second***, the FCC recently found that an application that required human intervention to send invitational messages was not the "maker or initiator" of the calls for TCPA purposes.[46] The TCPA prohibits the making of calls to a cellular phone number using an ATDS without the recipient's prior express consent,[47] and the FCC's implementing regulations state that no person may "initiate" a call to a cellular phone using an ATDS without prior express consent.[48] While passing judgment on TextMe, a messaging application, the FCC provided generally applicable guidelines for deciding whether an application or its user was the maker or initiator of a call.

TextMe sends invitational messages when a user makes the "affirmative choices" to (1) tap a button reading "invite your friends"; (2) choose whether to invite all or some contacts; and (3)

---

[45] *Derby v. AOL, Inc.*, Case No. 15-cv-00452-RMW, 2015 WL 3477658, at *3 (N.D. Cal. June 1, 2015); *see also id.* at *4 ("Other courts have also found human intervention in circumstances involving far less user involvement and far more automation that alleged in the complaint in this case. In *Gragg v. Orange Cab Co.*, the court found that a computerized taxi dispatch system did not qualify as an ATDS. 995 F.Supp.2d 1189, 1189 (W.D.Wash.2014). After a passenger requested a taxi with the system, drivers could 'accept' the fare and agree to pick up the passenger. Once a driver accepted the fare, the system would compose and transmit a text message to the passenger informing him or her that the driver was on the way. Although the system composed and sent the text automatically, the court held that the system was not an ATDS because the driver's input (pressing "accept") was required before the system could draft and send the message. 'The system is able to dial and transmit the dispatch notification only after the driver has physically pressed 'accept': human intervention is essential.' *Id.* at 1194. Similarly, in *Marks v. Crunch San Diego, LLC*, the court held that an SMS platform did not qualify as an ATDS where telephone numbers were uploaded to the texting system only through 'human curation and intervention.' Case No. 14–348, 2014 WL 5422976, at *3 (S.D. Cal. Oct. 23, 2014).").

[46] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Declaratory Ruling, CG Dkt. No. 02-278 (July 10, 2015) at ¶ 37.

[47] 47 U.S.C. § 227(b)(1).

[48] 47 C.F.R. § 64.1200(a)(1).

9
Case No. 5:14-cv-00424-PSG
ORDER GRANTING MOTION TO DISMISS

press another button to send the invitational text message.[49] The FCC concluded that, taking "into account the goals and purposes of the TCPA," the "app user's actions and choices effectively program[med] the cloud-based dialer to such an extent that he or she is so involved in the making of the call as to be deemed the initiator of the call."[50] Accordingly, even though WhisperText uses automated processes to harvest and upload a user's selected phone numbers and then send invitational messages, that is insufficient to make WhisperText the maker or initiator of a call using an ATDS under the TCPA.

## IV.

WhisperText's motion to dismiss is GRANTED. Because McKenna has twice received leave to amend, and because it is clear the complaint cannot be saved by amendment, given McKenna's prior allegations about the need for human intervention, leave to amend is DENIED.[51] A separate judgment will issue.

**SO ORDERED.**

Dated: September 9, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[49] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Declaratory Ruling, CG Dkt. No. 02-278 (July 10, 2015) at ¶¶ 36-37. *See also Huricks v. Shopkick, Inc.*, Case No. C-14-2464-MMC, 2015 WL 5013299 (N.D. Cal. Aug. 24, 2015) (finding that the FCC July 10, 2015 ruling applies and Shopkick did not violate the TCPA, where Shopkick users were required to take multiple affirmative steps for Shopkick to send invitational messages).

[50] *Id.* at ¶ 37.

[51] *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) ("A complaint should not be dismissed without leave to amend unless amendment would be futile." (citing *McQuillion v. Schwarzenneger*, 369 F.3d 1091, 1099 (9th Cir. 2004))).